**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

TERRIA WILLIAMS,

Plaintiff,

v.

KIMBERLY KILLE LAKE,

Defendant.

Case No. 3:26-CV-00308-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

[ECF No. 1]

Before the Court is Plaintiff Terria Williams's ("Williams") *pro se* complaint, (ECF No. 1-1), and application to proceed *in forma pauperis*, (ECF No. 1). For the reasons discussed below, the Court recommends Williams's application be granted and her complaint be dismissed with leave to amend in part.

**I.     *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Williams's application to proceed IFP reveals she is unable to pay the filing fee. Accordingly, the Court recommends Williams's IFP application, (ECF No. 1), be granted.

## II.    SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling

2

on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III.    SCREENING OF COMPLAINT

Williams sues Defendant Kimberly Killen Lake ("Lake"), the Reno Social Security Operations Supervisor, for terminating her 18-year-old autistic son's benefits without giving prior notice as required by 20 C.F.R. § 416.1336(a). (ECF No. 1-1 at 3-4.) Williams alleges Lake terminated her son's benefits after she reached out to Senator Rosen and Representative Amodei's offices about problems with the Social Security Administration. (*Id.* at 4.) As a result, Williams could not pay her bills, and her credit was negatively impacted. (*Id.*) In addition to suing Lake for violating 20 C.F.R. § 416.1336(a), Williams

also asserts an Eighth Amendment deliberate indifference claim and a First Amendment retaliation claim under 42 U.S.C. § 1983. There are several issues with the complaint.

First, it does not appear from the face of the complaint Williams has standing. For Williams to have standing, she "must allege [a] *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 598 (2007) (emphasis added) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984), *overruled on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)). Here, Williams is suing on behalf of her adult son and therefore has not alleged she suffered a personal injury. It appears Williams is suing on behalf of her son because he is autistic and therefore unable to sue on his own behalf. To do this, however, Williams must be appointed as her son's guardian ad litem, which requires her to, *inter alia*, "provide an adequate explanation" as to why her son "cannot appear on his own behalf." *Gonzalez v. Ariz. Dep't of Health Servs.*, 2009 WL 383535, at *1 (D. Ariz. Feb. 13, 2009) (quoting *Miller ex rel. Jones v. Stewart*, 231 F.3d 1248, 1251 (9th Cir. 2000)). Other than stating her son is autistic, however, Williams provides no explanation as to why her son is unable to prosecute this action himself. If Williams chooses to file an amended complaint, as discussed below, she must explain why her son is unable to sue on his own behalf.

Second, assuming Williams does have standing, 20 C.F.R. § 416.1336(a) does not provide a private cause of action for Williams to sue under. Nevertheless, construing Williams's complaint liberally, the Court understands her to be bringing suit under 42 U.S.C. § 405(g), which provides for judicial review of final actions taken by the Social Security Administration. Prior to bringing suit under § 405(g), however, litigants must "exhaust the procedures set forth in the Social Security Act," and their failure to do so "deprives the district court of jurisdiction." *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). Here, Williams provides no details related to exhaustion. The Court therefore recommends this claim be dismissed with leave to amend so Williams can explain what steps, if any, she took to appeal the termination of her son's benefits.

Third, Williams's claims under 42 U.S.C. § 1983 are barred as a matter of law because Lake is a federal official and "§ 1983 provides no cause of action against federal agents acting under color of federal law." *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) (citing *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987)). The Court therefore recommends Williams's deliberate indifference and retaliation claims be dismissed with prejudice and without leave to amend.

### A.    Amended Pleading Requirements

If Williams chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in and of itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Williams should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, Williams must allege true facts sufficient to show they violated her rights based on the above discussion. If Williams chooses to file an amended complaint curing the deficiencies as outlined in this recommendation, she should file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Williams chooses not to file an amended complaint curing the stated deficiencies the action will be subject to dismissal for failure to state a claim.

## IV.    CONCLUSION

For the reasons outlined above, the Court recommends Williams's application to proceed IFP, (ECF No. 1), be granted. The Court further recommends Williams's complaint, (ECF No. 1-1), be dismissed with leave to amend as to her social security claim, but with prejudice and without leave to amend as to her § 1983 claims.

///

///

Williams is advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.      RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Williams's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Williams's *pro se* complaint, (ECF No. 1-1), be dismissed with leave to amend as to Williams's social security claim, but with prejudice and without leave to amend as to her § 1983 claims.

**IT IS FURTHER RECOMMENDED** that if Williams chooses to file an amended complaint curing the deficiencies outlined in this order, she shall file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation.

**IT IS FURTHER RECOMMENDED** that if Wiliams chooses not to file an amended complaint curing the stated deficiencies, her case will be subject to dismissal for failure to state a claim.

**DATED**: May 8, 2026_____.

_____
**UNITED STATES MAGISTRATE JUDGE**