**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

TERRIA WILLIAMS,

Plaintiff,

v.

KIMBERLY KILLEN LAKE,

Defendant.

Case No. 3:26-CV-00308-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

[ECF No. 14]

Before the Court is Plaintiff Terria Williams's ("Williams") *pro se* amended complaint. (ECF No. 14.) For the reasons discussed below, the Court recommends Williams's complaint be dismissed with leave to amend.

## I. BACKGROUND

Williams initiated this case with a complaint alleging Defendant Kimberly Lake ("Lake"), the Reno Social Security Operations Supervisor, terminated her 18-year-old autistic son's benefits without giving prior notice as required by 20 C.F.R. § 416.1336(a). (ECF No. 1-1 at 3-4.) The Court screened Williams's complaint and dismissed it with leave to amend because Williams had not included sufficient facts to show she had properly exhausted her administrative remedies. (ECF Nos. 6, 11.) Williams timely filed her amended complaint, (ECF No. 14), which the Court now screens.

## II. SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to

relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. SCREENING OF COMPLAINT

The Court has reviewed Williams's amended complaint and finds she still has not included sufficient facts to show she properly exhausted her administrative remedies. Williams states that after her son's benefits[2] were denied she sent multiple requests for reconsideration but did not receive a response, and contacted Representative Amodei's and Senator Rosen's offices for assistance. (ECF No. 14 at 3.) First, although contacting members of Congress may prove helpful, doing so is immaterial to the exhaustion process and therefore does not help Williams here. Second, it is unclear what Williams means when she states her requests for reconsideration were ignored. There is a formal process for requesting reconsideration, and it is unclear whether Williams followed that process or informally requested reconsideration via other means.[3] The Court therefore cannot discern whether it has jurisdiction to hear Williams's claim.

Accordingly, the Court recommends Williams's amended complaint be dismissed with leave to amend so she can provide additional details about what steps she has taken to exhaust her administrative remedies.[4]

---

[2] For purposes of this screening order the Court will assume without deciding Williams has standing to sue on her son's behalf. If and when Williams is able to state a claim, she may refile her motion to be appointed as his guardian ad litem at that time.

[3] *See* https://www.ssa.gov/ssi/text-appeals-ussi.htm (outlining the requirements and different steps to properly appeal a denial of social security benefits).

[4] The Court notes Williams also asserts several constitutional claims, a claim under the Federal Tort Claims Act ("FTCA"), and a state law claim against Lake. As the Court

### A. Amended Pleading Requirements

If Williams chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in and of itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Williams should clearly title the amended pleading as "Second Amended Complaint." For each Defendant and each claim, Williams must allege true facts sufficient to show they violated her rights based on the above discussion. If Williams chooses to file an amended complaint curing the deficiencies as outlined in this recommendation, she should file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Williams chooses not to file an amended complaint curing the stated deficiencies the action will be subject to dismissal for failure to state a claim.

## IV. CONCLUSION

For the reasons outlined above, the Court recommends Williams's amended complaint, (ECF No. 14), be dismissed with leave to amend.

Williams is advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be

---

already explained, because Lake is a federal employee she cannot be sued for constitutional violations under 42 U.S.C. § 1983. (ECF No. 6.) Nor can lake be sued under the FTCA. *See* 42 U.S.C. § 405(h) (noting no action may be brought against an employee of the Social Security Administration under the FTCA). Finally, without any federal claim proceeding the exercise of supplemental jurisdiction over Williams's state law claim is unwarranted.

accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V. RECOMMENDATION**

**IT IS FURTHER RECOMMENDED** that Williams's amended complaint, (ECF No. 14), be dismissed with leave to amend so she can provide additional details about whether she has properly exhausted her administrative remedies.

**IT IS FURTHER RECOMMENDED** that if Williams chooses to file an amended complaint curing the deficiencies outlined in this order, she shall file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation.

**IT IS FURTHER RECOMMENDED** that if Wiliams chooses not to file an amended complaint curing the stated deficiencies, her case will be subject to dismissal for failure to state a claim.

**DATED**: August 27, 2026.

**UNITED STATES MAGISTRATE JUDGE**